UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES DAVIS,                    )
                                 )
          Plaintiff              )
                                 )
vs.                              )          CAUSE NO. 3:06-CV-690 RM
                                 )
ROBERT GILMORE, *et al.*,         )
                                 )
          Defendant              )

<u>OPINION AND ORDER</u>

Charles Davis, a prisoner confined at the LaPorte County Jail, filed a complaint under 42 U.S.C. § 1983. This matter is before the court on his amended complaint alleging that Judge Robert Gilmore, Prosecutor Robert Beckman, Assistant Prosecutors Kimberly DeWitt and Jennifer Evans, and attorneys David Jones and Kurt Earnst violated his federally protected rights during the course of his criminal prosecution. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Davis brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Davis alleges that Judge Gilmore was biased and that his statements and rulings favored the prosecution. Judge Gilmore is entitled to absolute judicial immunity if his actions were within the judge's jurisdiction and were performed in the judge's judicial capacity. Judge Gilmore had the jurisdiction to preside over Mr. Davis's criminal trial. See John v. Barron, 897 F.2d 1387, 1392 (7th Cir. 1990), cert. denied, 498 U.S. 821 (1990) (test is whether the acts are those

normally performed by a judge). Accordingly, Judge Gilmore is entitled to judicial immunity against Mr. Davis's damage claims.

Prosecutors also have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Id. at 431. "This immunity applies even where the prosecutor acts maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct Mr. Davis asserts in his amended complaint constitutes conduct intimately associated with the judicial phase of the criminal process. Accordingly, defendants Beckman, DeWitt and Evans are entitled to prosecutorial immunity.

In his amended complaint, Mr. Davis names as defendants the attorneys who represented him in his criminal proceedings. To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." Parratt v. Taylor, 451 U.S. 527, 536 (1981). If the person did not act "under color of state law," the action against him must be dismissed. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). An attorney, even a public defender appointed to represent a criminal defendant in state court, does not act under color of state law. Polk County v. Dodson, 454 U.S. 312 (1981).

In addition to seeking damages, Mr. Davis asks for habeas corpus relief. But that is not available in a §1983 action. In Preiser v. Rodriguez, 411 U.S. 475

3

(1973), the United States Supreme Court considered the relationship between 42 U.S.C. §1983 and 28 U.S.C. §2254, and concluded "that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of §1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994), citing Preiser v. Rodriguez, 411 U.S. at 488-490. To challenge the validity of his trial and conviction, Mr. Davis must present his request to the federal courts by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: November  8 , 2006

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court